**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICHARD JESUS HERNANDEZ TOUSSAINT

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; MARISA FLORES, El Paso ICE Field Office Director, Enforcement and Removal Operations; and DORA CASTRO, Warden of Otero County Processing Center, in their official capacities,

Respondents.

     Case No. 2:26-cv-01088-MIS-DLM

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Richard Jesus Hernandez Toussaint's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 9, 2026. Respondents Markwayne Mullin, Todd Blanche, Todd M. Lyons, and Marisa Flores ("Respondents"),[1] filed a Response on April 23, 2026, ECF No. 5.

Counsel for Respondents acknowledges the facts of this case are "substantially similar" to <u>Duhan v. Noem</u>, No. 2:26-CV-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026), Resp. at 2, ECF No. 5, and that "this Court's decision in <u>Duhan v. Noem,</u> would control the

---

[1]     Respondent Dora Castro, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

result here if the Court adheres to that decision as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention," id. at 2-3. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-3.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 5.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.     Petitioner Richard Jesus Hernandez Toussaint's Verified Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.     Respondents are **ORDERED** to immediately release Petitioner from detention;

3.     Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.     Respondents **SHALL NOT** impose any new condition of release;

5.     Respondents **SHALL** file a Notice of Compliance with this Order; and

6.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE